**NOT FOR PUBLICATION**

**FILED**

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNDAY KAYODE KUNKUSHI, | No. 19-71502 |
| Petitioner, | Agency No. A207-565-782 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:     TROTT, SILVERMAN, and NR SMITH, Circuit Judges.

Sunday Kayode Kunkushi, a native and citizen of Nigeria, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and we review for substantial evidence the agency's factual findings. *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019). We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We deny the petition for review.

8 U.S.C. § 1158(a)(2)(B) requires an asylum applicant to demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." Kunkushi's date of arrival was February 17, 2014. He did not apply for asylum until July 24, 2018, after he was convicted by his guilty plea of an offense involving illegal trafficking in a controlled substance. The IJ concluded that his untimely application made him ineligible for asylum.

On appeal to the BIA, Kunkushi's only response in this regard was that "the one year ban is no longer applicable as of 2018." He offered no claim or argument that he had a legitimate excuse for his late application. The BIA affirmed the IJ's decision, saying Kunkushi "has not demonstrated that he timely filed an application for asylum nor established that such tardy filing is legally excused."

In his brief to us, he now says that he was "eligible for an exception to the [one year] rule" based on the "circumstantial exceptions permitted by the [Immigration and Nationality] Act." Because he did not exhaust this claim with

the BIA, we lack jurisdiction to address it. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Even if we were to conclude that Kunkushi did exhaust this issue, which we do not, we would conclude nevertheless that he had no cognizable excuse for his tardy application.

The IJ pointed out that Kunkushi had entered the United States on a tourist visa on five separate occasions between April 2012 and February 2014 without applying for asylum.[1] His explanation for the first four entries, which the IJ did not find worthy of credit, was that his family was in South Africa and his wife changed her mind and wanted to return to South Africa. As for his most recent entry, Kunkushi's explanation was that he was coming to the United States to meet someone and he married a United States citizen. The IJ noted, however, that the U.S. Citizenship and Immigration Services of the Department of Homeland Security ("USCIS") doubted the validity of this marriage and gave them an opportunity to submit additional evidence, but they did not. Kunkushi then withdrew his application apparently because his spouse abandoned him. The USCIS notified him to depart the United States as soon as possible. Instead of departing, he was apprehended in Arizona trafficking in a controlled substance.

---

[1] The IJ noted also in connection with his claim of fear of returning to Nigeria that he had been able, without incident, to renew his passport four times at Nigerian embassies.

Parenthetically, Kunkushi did not claim to the BIA that his failed attempt to secure an alien relative petition amounted to a legal excuse to excuse the tardy filing of his asylum application. He brought up these facts only to contest the IJ's adverse credibility finding.

In any event, the IJ correctly determined that a second reason bars Kunkushi from eligibility for asylum as well as from withholding of removal under § 241(b)(3) of the Immigration and Nationality Act ("Act"), and withholding of removal under the CAT: his conviction for a "particularly serious crime." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. §§ 1208.14(c), 1208.16(d)(2). An applicant convicted of a "particularly serious crime" is statutorily barred from these forms of relief.

Kunkushi was convicted on May 11, 2018 in the Superior Court for the State of Arizona of attempted transportation of marijuana for sale, a class 3 felony in violation of Ariz. Rev. Stat. §§ 13-3405(A)(4), 13-3401, 13-701, 13-702, and 13-801. When confronted by the IJ with his plea agreement listing these offenses, he admitted he signed it and that he was apprehended driving a vehicle transporting 44 pounds of marijuana. Even though Kunkushi denied making the statement, the IJ credited the arresting officer's Supplemental Report that Kunkushi told him that "he was being paid $2,000 to transport it."

In *Matter of Y-L-*, 23 I. & N. Dec. 270 (Op. Att'y Gen. 2002), the Attorney

General created a strong presumption that a drug trafficking offense resulting in a sentence of less than five years is a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). We approved the Attorney General's strong presumption in *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007). This presumption can be overcome only in the "extraordinary," "extenuating" and "compelling" case. *Id*. at 946. *Matter of Y-L-* articulates certain factors that "at a *minimum*" must be present to overcome this strong presumption, including a very small quantity of substance, a modest amount of money involved, and peripheral involvement of the alien. *Miguel-Miguel*, 500 F.3d at 946.

The IJ concluded (1) that Kunkushi's conviction was for a "particularly serious crime," and (2) that because of the amount of marijuana involved, Kunkushi's direct involvement in the offense, and his remuneration of $2000, the Attorney General's presumption had not been rebutted. Accordingly, the IJ determined that Kunkushi was eligible only for deferral of removal under the CAT, and not any of the other forms of relief he requested.

The BIA affirmed the IJ's "alternative determination." The record amply supports this conclusion.

The BIA then proceeded to the only remaining issue, Kunkushi's eligibility for deferral of removal under the CAT. 8 C.F.R. § 1208.17. The IJ determined that the record did not indicate that it is more likely than not that Kunkushi will

face torture upon his return to Nigeria. The BIA agreed, indicating correctly that an IJ's "finding that a future event will occur is fact-finding subject to review for clear error." Substantial evidence in the record supports the IJ's and the BIA's determinations.

Kunkushi's motion to stay his removal (Docket Entry No. 4) is denied.

**PETITION FOR REVIEW DENIED.**